UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELODY JOY BAKER,<br><br>                          Plaintiff,<br><br>     -against-<br><br>JAMES J. PETERS DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER, et al.,<br><br>                          Defendants. | 23-CV-1069 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated February 22, 2023, the Court held that Plaintiff's complaint failed to state a claim upon which relief may be granted but granted her leave to replead her claims. The Court also referred Plaintiff to the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York. On April 22, 2023, Plaintiff requested an extension of time to amend her complaint, which the Court granted. (ECF 8.) Plaintiff's amended complaint is due on or before June 23, 2023. This matter is now before the Court on Plaintiff's Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a

court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. The litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously" *Id.*  at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

The Court granted Plaintiff's application to proceed *in forma pauperis* (ECF 4), and Plaintiff therefore qualifies as indigent.

Plaintiff's original complaint failed to state a claim, and she has not yet filed an amended complaint. The Court is therefore unable to determine whether Plaintiff brings any claim "likely to be of substance," *Hodge*, 802 F.2d 61-62, or whether granting the request for "counsel would be more likely to lead to a just determination," *id.* at 60. Plaintiff's request for counsel is therefore denied without prejudice to renewal.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for *pro bono* counsel (ECF 9) is denied without prejudice to Plaintiff's renewed application after she files an amended complaint. Plaintiff's amended complaint is due on or before June 23, 2023.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 5, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge