UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELODY JOY BAKER,

                          Plaintiff,

          -against-

JAMES J. PETERS DEPARTMENT OF
VETERANS AFFAIRS; RITA RIVERIA;
THERESA SANTIAGO; NANCY
POLLACK; LATONYA HEYWARD; DR.
MAINELLA GALEA; ANTHONY
MOLDANADO,

                          Defendants.

23-CV-1069 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this action alleging that Defendants violated her rights. By order dated February 22, 2023, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on June 22, 2023, and the Court has reviewed it. The amended complaint is dismissed for the reasons set forth below, but the Court grants Plaintiff another opportunity to replead certain claims, if she wishes to do so, within 30 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In her amended complaint, Plaintiff Melody Baker alleges that she suffered numerous injuries caused by individuals affiliated with the United States Department of Veterans Affairs (VA). Plaintiff alleges that at the "Bronx VA," which she names herein as the John J. Peters Department of Veterans Affairs Medical Center (VA Medical Center), her property was left in a nonsecure location, and she was "stolen from." (ECF 11 at 5.) On an unspecified date, she was "verbally assaulted," though it is unclear by whom. In May 2023, a man who worked in

Environmental Management Services at an unspecified location, possibly the VA Medical Center, hit the left side of Plaintiff's head. (*Id.* at 6.)

Plaintiff was awarded a housing voucher through the VA Supportive Housing (VASH) program, which appears to be a joint project with the United States Department of Housing and Urban Development (HUD). She alleges that social workers from the HUD VASH program falsely represented that she had rejected five apartments that they had shown her. Plaintiff contends that, in fact, in September 2022, a leasing agent rejected Plaintiff when he learned that she is in a wheelchair. (*Id.* at 5.) Plaintiff was "discharged from HUD VASH on 11/20/22," apparently without having secured an apartment. (*Id.* at 6.) On February 1, 2023, VASH social workers Nancy Pollack and Theresa Santiago allegedly "interfere[ed]" with Plaintiff's placement in supportive housing through the Jericho Project (*id.* at 6), though she does not allege facts about what these individuals did to interfere.

In addition to her claims against federal employees, Plaintiff states that she is "not allowed to exercise [her] A.D.A. due to being in a wheelchair," and she asserts constitutional claims for alleged violations of her right to Equal Protection and Due Process. (*Id.* at 2.) Plaintiff asks the Court to require "them" to become co-ed, which the Court understands to be a reference to the VA Medical Center, and to "cease all male dominant advertising, including 3 buses used by SCI unit." (*Id.* at 6.) Plaintiff requests reimbursement of her expenses for housing, laundry, and meals until resolution of this action.

## DISCUSSION

### A.     Americans with Disabilities Act Claims

Plaintiff invokes the Americans with Disabilities Act (ADA), which consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities, such as state and

local governments; and Title III, 42 U.S.C. § 12181 *et seq*., which prohibits discrimination in access to public accommodations operated by private entities. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Plaintiff's suit does not involve employment discrimination, and it therefore does not implicate Title I of the ADA. Moreover, Plaintiff sues a federal entity and federal employees, and Titles II and III of the ADA do not apply to the federal government. *See Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."); *Morales v. New York*, 22 F. Supp. 3d 256, 266 (S.D.N.Y. 2014) ("A claim under Title III of the [ADA] can only be asserted against a private entity engaged in the provision of public accommodations."); *Moore v. United States*, No. 21-CV-1161-LJV, 2022 WL 1104986, at *1 (W.D.N.Y. Apr. 13, 2022) ("Title III does not apply to the federal government; it applies only to private entities.") (citing 42 U.S.C. § 12181(7)). Plaintiff's allegations thus do not state a claim under the ADA against any named defendant.[1]

Plaintiff's allegations might be liberally construed as arising under the Rehabilitation Act, which provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance or under any program or activity conducted by any [e]xecutive agency." 29 U.S.C. § 794(a). To make out a prima facie case under the Rehabilitation Act, a plaintiff must show "(1) that [she] is a qualified individual with a disability; (2) that the defendants are subject to [the Rehabilitation Act]; and (3) that [she] was denied the opportunity to participate in or benefit from

---

[1] Plaintiff does allege that a leasing agent denied her an apartment after discovering that she was in a wheelchair, but Plaintiff has not named the individual leasing agent or entity responsible for taking such action as a defendant in her amended complaint.

4

defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of [her] disability." *Harris v. Mills*, 572 F.3d 66, 73–74 (2d Cir. 2009).

Plaintiff sues social workers assigned to assist her in finding an apartment using the HUD VASH housing voucher she had been awarded. She alleges that social worker Rivera "spread lies that [Plaintiff] refused 5 apartments for no good reason." (ECF 11 at 5.) Plaintiff contends that "only 1 [apartment] was ADA [compliant] but [it was] outside voucher limits." (*Id.*)[2] Plaintiff alleges that social workers engaged in wrongful behavior, and the Court addresses below whether these allegations state a claim under the Federal Tort Claims Act (FTCA). Plaintiff does not plead any facts, however, that give rise to an inference that the social workers engaged in the behavior that she complains of by reason of Plaintiff's disability. In other words, Plaintiff does not allege that Defendants lied about her conduct because of her disability. Plaintiff also does not allege that Defendants' actions were based on a facially neutral policy that has a discriminatory effect on those with disabilities, or that she requested an accommodation due to her disability that was denied. Plaintiff thus fails to state a claim for disability discrimination under the Rehabilitation Act against any named defendant. The Court considers below whether there is another basis for liability on the part of these federal employees for allegedly "spread[ing] lies" about Plaintiff's actions.

## B.    Federal Tort Claims Act

Plaintiff alleges that, because of the actions of federal employees Rita Rivera, Theresa Santiago, and Nancy Pollack, and of the VA Medical Center, she was deprived of housing,

---

[2] Plaintiff attaches to the amended complaint social worker progress notes, which state that Plaintiff declined certain ADA compliant units, cancelled a viewing for an apartment that she "believed" would not accommodate her wheelchair, and had one offer of admission "rescinded due to . . . inappropriate behavior with their staff." (ECF 11 at 10.)

unspecified property was taken from her, and she was verbally abused and hit. The FTCA waives the sovereign immunity of the United States for claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680.[3]

Before bringing FTCA claims in federal court, however, a plaintiff must comply with the FTCA's procedural requirements. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). In order to exhaust the FTCA's administrative remedies, a claimant must file a written claim for damages with the appropriate federal entity and receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the damages sought, and be filed within two years of the date the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may file suit in federal district court seeking review of the agency's final decision within six months of the date the notice of final agency decision is mailed. *See* § 2401(b). Or, if the agency does not make a final decision within six months of the claimant's filing of an administrative claim, the claimant may bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the

---

[3] Moreover, "[t]he proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). Because Plaintiff does not indicate that she exhausted any FTCA claims there is no reason to substitute the United States as a defendant for this claim.

FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

Here, Plaintiff seeks damages for the allegedly tortious conduct of federal employees of the VA Medical Center, but she does not allege that she complied with the FTCA's procedural requirements by filing a written claim with the federal agency. "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal court," *Celestine,* 403 F.3d at 82, and "[u]nless a plaintiff complies with that requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." *Johnson,* 189 F.3d at 189.

Moreover, "a failure to exhaust ones' administrative remedies cannot be cured after the fact." *Giddings v. United States*, No. 21-CV-5251 (VSB), 2023 WL 4492411, at *4 (S.D.N.Y. July 12, 2023) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("Because this requirement is jurisdictional, the subsequent denial of an administrative claim cannot cure a prematurely filed action.")); *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011) ("The requirement that prematurely filed FTCA claims be dismissed holds even when . . . the FTCA claims would be ripe if re-filed at the date of the court's decision.").

Plaintiff's amended complaint gives no indication that she exhausted her FTCA claims by filing an administrative claim with the appropriate federal entity. Accordingly, the Court lacks subject matter jurisdiction of Plaintiff's FTCA claims.

## C.      Due Process Claim

Plaintiff alleges that her property was stolen at the VA Medical Center when it was left unsecured, and the Court understands this to be the basis for Plaintiff's procedural due process claim. In a suit under Section 1983 to enforce procedural due process rights, a court must determine whether a property interest is implicated and, if so, what process is due before the plaintiff may be deprived of that interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011).

Where a plaintiff is deprived of property due to a government employee's random and unauthorized act, the government cannot predict precisely when the loss will occur, and it would be impossible to provide a meaningful hearing before the deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986). In such cases, the availability of an adequate post-deprivation remedy precludes any claim that a plaintiff was denied procedural due process. *Id.*

Here, Plaintiff had the option of filing an FTCA claim seeking damages for the loss of her property. *See* 28 U.S.C. § 1346(b)(1) (The FTCA authorizes "claims against the United States, for money damages  . . . for injury or loss of property . . . caused by the negligent or wrongful act . . . of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). Because post-deprivation remedies, such as an FTCA action, were available to Plaintiff, she fails to state a claim that she was deprived of her property without adequate process. *See, e.g., Friedman v. Young*, 702 F. Supp. 433, 437 (S.D.N.Y. 1988) (finding that the FTCA provides a sufficient post-deprivation remedy, thereby precluding a Fifth Amendment procedural due process claim). The Court therefore dismisses Plaintiff's claim for the denial of  procedural due process. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Equal Protection Claims**

Plaintiff asserts a violation of her constitutional right to equal protection and refers to discrimination based on sex. "Intentional discrimination on the basis of gender by state actors violates the Equal Protection Clause. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130-31 (1994). This is particularly true where the discrimination "serves to ratify and perpetuate invidious, archaic, and overbroad stereotypes about the relative abilities of men and women." *Id.* at 131. To state claims for equal protection violations based on sex, a plaintiff must allege that a

government actor's discriminatory intent was a "motivating factor." *Okin v. Village of Cornwall-on-Hudson Police Dept.*, 577 F.3d 415, 438 (2d Cir. 2009). A plaintiff can do so by pleading facts showing that a facially neutral law was applied in a discriminatory fashion, *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886), or by "pointing to animus on the part of individual" state actors, or to a pattern of failing to adequately serve members a protected class, *see, e.g.*, *White v. City of New York*, 206 F. Supp. 3d 920, 932 (S.D.N.Y. 2016) (noting that a plaintiff plausibly alleged discriminatory intent based on allegations that officers' reactions to learning of a plaintiff's transgender status "included gawking, giggling, and inquiring about his genitalia"). An allegation of the government's failure to provide adequate services in a single case involving a member of a protected class, however, will not, on its own, suffice to state a claim. *Id*. at 931 (citing *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977)).

1.     Claim against VA Medical Center

Plaintiff refers to the Equal Protection Clause and asks the Court to require "them" to "become co-ed" and "cease all male dominant advertising, including 3 buses used by SCI unit." (*Id.* at 6.) Plaintiff names the VA Medical Center as a defendant, and the Court understands this constitutional claim seeking injunctive relief to relate to the VA Medical Center.

Because Plaintiff asserts a claim for a constitutional violation, the Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff seeks an injunction ordering the VA Medical Center to "become co-ed" and "cease all male-dominant advertising," and the Court understands Plaintiff to be seeking only injunctive relief. Section 702 of the Administrative Procedure Act (APA) waives the sovereign immunity of the United States for constitutional claims for injunctive relief. *See* 5 U.S.C. § 702.

"'[T]he APA's waiver of sovereign immunity applies to any suit whether under the APA or not' because Section 702 'waives sovereign immunity for [any] action in a court of the United States seeking relief other than money damages,' not solely for an action brought under the APA." *Gupta v. S.E.C.*, 796 F. Supp. 2d 503, 509 (S.D.N.Y. 2011) (quoting *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006)); *Rivera v. Fed. Bureau of Investigation*, No. 5:16-CV-0997, 2016 WL 6081435, at *6 (N.D.N.Y. Sept. 13, 2016) ("[S]ection 702 waives sovereign immunity not only for suits brought under the APA, but also for constitutional claims brought under the general federal question jurisdiction statute.").

Plaintiff's allegations, however, are insufficient under Rule 8 to put the VA Medical Center on notice of the claims against it. It is unclear what Plaintiff means when she says she wants the VA Medical Center to "become co-ed." (ECF 11 at 6.)  She does not allege, for example, that she has been denied services at the VA Medical Center because of her sex. To state a claim against the VA Medical Center for failure to provide a service to qualified individuals without regard to their sex, Plaintiff must provide a short and plain statement of her claim by alleging facts about the services that have been denied to her based on sex.

Plaintiff also asks the Court to order that the VA Medical Center "cease all male dominant advertising, including 3 buses used by SCI unit." (*Id.* at 6.)  An allegation that 3 buses used by the VA Medical Center have "male dominant" advertising is insufficient to show intentional discrimination on the basis of gender. Such allegations do not state a claim for a violation of Plaintiff's right to Equal Protection. Plaintiff thus fails to state a claim against the VA Medical Center for injunctive relief based on alleged violations of her right to Equal Protection.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the amended complaint does not provide facts sufficient to show whether Plaintiff can state a claim for a violation of her right to equal protection, the Court grants Plaintiff another opportunity to amend her complaint to replead her only claim for injunctive relief (not her claim for damages) against the VA Medical Center for an alleged violation of her right to equal protection.

2.    Claims for damages

Plaintiff has named numerous individual VA employees as defendants, and it is unclear against whom her claims for damages based on alleged violations of her constitutional rights are asserted. Where a plaintiff seeks damages on the ground that federal employees have violated her constitutional rights, the allegations might be construed as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."). [4]

To state a claim for damages under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S.

---

[4]The Supreme Court has implied a damages remedy under *Bivens* in three contexts: (1) unreasonable search and seizure in violation of the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 582 U.S. at 130-31. The Supreme Court has made it clear that further expanding *Bivens* beyond these three contexts "is now a disfavored judicial activity." *Id.* at 135 (internal quotations omitted).

at 389). *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017); *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015).

Here, Plaintiff names many individual federal employees but fails to allege facts about what each individual personally did or failed to do that violated her constitutional rights. Plaintiff thus does not adequately allege that any defendant was personally involved in a violation of her constitutional rights. Indeed some defendants, such as Dr. Galea or Latonya Heyward, are listed in the caption of the complaint but not mentioned at all in the body of the complaint. Plaintiff thus has not stated a claim for damages under *Bivens* against them or any other individual defendant. Any claim for damages that Plaintiff is asserting under *Bivens* must therefore be dismissed for failure to state a claim on which relief can be granted.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

The Court grants Plaintiff leave to replead her claim that the VA Medical Center engaged in sex discrimination in violation of her right to Equal Protection, but notes that only injunctive relief is available – not damages. Moreover, Plaintiff cannot amend her complaint to replead her

FTCA claims unless she had already exhausted her administrative remedies before filing this action.[5]

The Court grants Plaintiff 30 days' leave to file a second amended complaint detailing her claims (for injunctive relief only) for sex discrimination at the VA Medical Center. If Plaintiff chooses to file a second amended complaint, she must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[5] Instead, Plaintiff can exhaust her administrative remedies within the relevant deadlines and replead her FTCA claim in a new action after doing so.

**CONCLUSION**

Plaintiff's claims arising under the FTCA must be dismissed for lack of subject matter jurisdiction. Plaintiff fails to state a claim under the ADA or the Rehabilitation Act, or any claim for a violation of her constitutional rights.

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. If Plaintiff chooses to file a second amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 30 days of the date of this order, be captioned as a "Second Amended Complaint," and be labeled with the document with docket number 23-CV-1069 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff does not file a second amended complaint within the time allowed, the Court will enter judgment dismissing the FTCA claim for lack of jurisdiction and dismissing the remaining claims for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 8, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                      Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                   Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at
   www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address            City            State            Zip Code


_____
Telephone Number            E-mail Address


_____
Date            Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007